UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL ALMOND, JR.,

        Plaintiff,

v.                                       Case No. 3:21-cv-00830-BJD-MCR

FLAGLER COUNTY, FLORIDA,
et al.,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Michael Almond, Jr., a pretrial detainee housed at Flagler County Jail, initiated this action by filing a pro se complaint for the violation of civil rights (Doc. 1; Compl.) and a motion to proceed in forma pauperis (Doc. 2). Plaintiff names as Defendants Flagler County, the Flagler County Sheriff's Office, the Flagler County Inmate Facility, the City of Bunnell, and the Bunnell Police Department. He asserts officers would not allow him to call his attorney on August 17, 2021; officers violated his right to due process by changing his jail identification number on August 18, 2021; officers refused to file a theft report on his behalf on May 1, 2021; jail staff would not let him use legal resources for his criminal case on April 18, 2021; and officers refused to permit him to see his attorney on January 1, 2021, because he chose to attend

bible study class. See Compl. at 6, 8, 10. As relief, Plaintiff seeks monetary damages. Id. at 9.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's complaint is subject to dismissal under the PLRA because he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. See 42 U.S.C. § 1983. When a plaintiff attempts to sue an entity, as opposed to an individual, the law of the state in which the district court sits dictates whether the entity can be sued under § 1983. See Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally are not legal entities subject to suit).

In Florida, a sheriff's office or jail facility is not a legal entity subject to suit under § 1983. See Faulkner v. Monroe Cnty. Sheriff's Dep't, 523 F. App'x

696, 701 (11th Cir. 2013) (affirming dismissal of a civil rights action against the Monroe County Sheriff's Office). See also Monroe v. Charlotte Cnty. Jail, No. 2:15-cv-729-FtM-99MRM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015) ("A correctional facility or [a] jail is not a proper defendant in a case brought under 42 U.S.C. § 1983." (citing Chapter 30, Florida Statutes)). As the Court previously advised Plaintiff,[1] he may not proceed against the Sheriff's Office or jail.

Plaintiff says he does not know the names of the officers who allegedly violated his constitutional rights. See Compl. at 6, 12. Regardless, Plaintiff does not describe conduct that rises to the level of a constitutional violation. The closest Plaintiff comes to describing a constitutional violation is the interference with his exercise of religion. However, a plaintiff seeking to pursue a First Amendment free-exercise-of-religion claim must allege facts "showing a 'substantial burden' on a sincerely held religious belief." Robbins v. Robertson, 782 F. App'x 794, 801 (11th Cir. 2019) (citing GeorgiaCarry.Org, Inc. v. Georgia, 687 F.3d 1244, 1256 (11th Cir. 2012)). "First Amendment Free Exercise Clause precedent is clear: a plaintiff must allege a constitutionally impermissible burden on a sincerely held religious belief to survive a motion

---

[1] See Case No. 3:21-cv-39-MMH-JRK (dismissing the case for failure to prosecute and advising Plaintiff a jail facility is not a proper defendant in a federal civil rights action).

4

to dismiss." GeorgiaCarry, 687 F.3d at 1256. Plaintiff does not allege facts permitting the reasonable inference his religious exercise was substantially burdened.

Plaintiff also fails to state a plausible First Amendment access-to-courts claim. To state a claim for a denial of access to the courts, a plaintiff must allege an "actual injury." Lewis v. Casey, 518 U.S. 343, 349 (1996); see also Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006). "Actual injury may be established by demonstrating that an inmate's efforts to pursue a nonfrivolous claim were frustrated or impeded by . . . an official's action." Barbour, 471 F.3d at 1225 (citations omitted). Plaintiff does not allege any jail employee's conduct interfered with his efforts to pursue a nonfrivolous claim such that he meets the "actual injury" standard.

Because Plaintiff fails to state a jail employee violated his constitutional rights, a claim against the city or county necessarily fails. However, had Plaintiff stated a viable claim against an individual, a claim against the city or county would be subject to dismissal because a claim under § 1983 may not be premised on a theory of vicarious liability. Monell v. N.Y. City Dep't of Soc. Servs., 436 U.S. 658, 691, 694 (1978). Rather, to proceed against a municipality, a plaintiff must allege the existence of a "custom or policy that constituted deliberate indifference to [a] constitutional right" and that caused

5

a constitutional violation. Moody v. City of Delray Bch., 609 F. App'x 966, 967 (11th Cir. 2015) (quoting McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004)). Plaintiff does not allege the existence of a custom or policy that caused a constitutional violation.

Finally, Plaintiff's complaint is deficient because he improperly joins multiple, unrelated claims. A plaintiff may set forth only related claims in one civil rights complaint. He may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). As recognized by the Eleventh Circuit, "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." Constr. Aggregates, Ltd. v. Forest Commodities Corp., 147 F. 3d 1334, 1337 n.6 (11th Cir. 1998) (quotations and citation omitted). Plaintiff improperly seeks to pursue multiple claims that have no logical relationship.

Because Plaintiff fails to state a plausible claim for relief, his complaint is subject to dismissal. If Plaintiff has a cognizable claim to pursue against a viable defendant, he may file a new complaint in which he names individuals allegedly responsible for violating his constitutional rights. He should not join multiple, unrelated claims in one complaint.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. The **Clerk** shall send Plaintiff a civil rights complaint form. If Plaintiff chooses to file a claim, he should not put this case number on the form because the Clerk will assign a new case number upon receipt.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of August 2021.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:   Michael Almond, Jr.